# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY E. STONE,<br><br>         Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>         Defendant. | Case No.: 17-CV-1689 W (KSC)<br><br>**ORDER DENYING MOTION TO PROCEED IFP [DOC. 2] AND DISMISSING COMPLAINT** |

  On August 22, 2017, Plaintiff Shelley E. Stone filed a complaint seeking review of the denial of her claim for disability insurance benefits under the Social Security Act. Along with the complaint, Plaintiff filed a motion to proceed in forma pauperis ("IFP").

//

//

//

1

## I. INTRODUCTION

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide himself and dependents with the necessities of life." Id. at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Stehouwer v. Hennessey, 851 F.Supp. 316, (N.D.Cal. 1994), *vacated in part on other grounds*, Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and $110 per month from family); Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed in forma pauperis, later required to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F.Supp. 129, 130 (E.D. Pa. 1982) (in forma pauperis application denied: "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action."). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered the papers submitted, the Court finds that based on the current record, Plaintiff does not meet the requirements for IFP status under 28 U.S.C. § 1915. According to her declaration, Plaintiff receives $1168 in social security benefits, and $190 in food stamps, which is just enough to meet her monthly expenses totaling $1360. (*Motion* [Doc. 2] ¶¶ 1, 8.) However, Plaintiff also has a $25,000 IRA. (*Id.* ¶ 4.) In light of the IRA, Plaintiff does not meet the requirements for IFP status.

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to proceed IFP [Doc. 2] and **DISMISSES** the Complaint. Plaintiff shall have until **September 6, 2017** to reinstate this case by paying the filing fee.

**IT IS SO ORDERED**.

Dated: August 23, 2017

_____
Hon. Thomas J. Whelan
United States District Judge

3

17-CV-1689 W (KSC)