

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY E. STONE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 3:17-cv-1689-W (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 16, 17)** |

This Report and Recommendation is submitted to the Honorable Thomas J. Whelan, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

On August 22, 2017, plaintiff Shelley E. Stone filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits. (ECF No. 1.)

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, this Court **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED**, and that Judgment be entered reversing the

1

3:17-cv-1689-W (RNB)

decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL BACKGROUND

On February 5, 2013, plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning December 15, 2011. (Administrative Record ("AR") 22, 142-43.) After her application was denied initially and upon reconsideration (AR 68-72, 76-80), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 82-83.) Following an administrative hearing held on April 7, 2016 (AR 635-61), the ALJ issued an unfavorable decision on May 2, 2016, finding that plaintiff was not disabled. (AR 20-33.) The ALJ's decision became the final decision of the Commissioner on June 23, 2017, when the Appeals Council denied plaintiff's request for review. (AR 1-4.) This timely civil action followed.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 25.)

At step two, the ALJ found that plaintiff had the following severe impairments: sprains/strains and chronic pain syndrome. (AR 25.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (AR 28, citing 20 C.F.R., Part 404, Subpt. P, App. 1.)

Next, after considering the entire record, the ALJ found that plaintiff had the "residual functional capacity [("RFC")] to perform the full range of light work as defined in 20 CFR 404.1567(b)." (AR 28.) In his decision, the ALJ stated, "The objective medical evidence and the claimant's acknowledged activities are consistent with the ability to

perform activities at the above stated [RFC] levels and inconsistent with the inability to do any work activity." (AR 32.)

At step four, the ALJ found that plaintiff was capable of performing her past relevant work as a Mortgage Officer. (AR 32.) Therefore, the ALJ found plaintiff was not disabled at step four. (*Id.*)

## DISPUTED ISSUES

As reflected in plaintiff's cross-motion for summary judgment, the disputed issues that she is raising as the grounds for reversal and remand are as follows:

1. Whether the ALJ properly rejected the opinion of Dr. Vakas Sial, an examining physician. (ECF No. 16-1 at 3-8.)

2. Whether the ALJ properly rejected plaintiff's pain and symptom testimony. (ECF No. 16-1 at 8-14.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

### A. The ALJ failed to follow the proper legal standards when he rejected the opinion of Dr. Sial.

Dr. Sial conducted an internal medicine consultative examination of plaintiff on November 5, 2014. (AR 303-09.) Dr. Sial reviewed medical records from Alvarado Medical Group from February 15, 2013, which showed a history of hypothyroidism, chronic pain, depression, and that plaintiff was under the care of an addiction specialist. (AR 304.) Dr. Sial observed normal range of motion in the upper and lower extremities. (AR 306.) Straight leg testing was negative, motor strength testing was graded at 5/5. (AR 307.) Dr. Sial observed plaintiff ambulate with an abnormal gait due to sacral pain. (*Id.*) Dr. Sial opined that plaintiff's gait was affected by left buttock and sacral pain and that it would limit her activities; that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently at work; could stand and/or walk with normal breaks for up to 2 hours in an 8-hour workday; and sit with normal breaks for 2 hours out of an eight-hour workday. (AR 308.) Outside of the normal break periods, Dr. Sial opined that plaintiff must periodically alternate sitting and standing to relieve pain/discomfort. (*Id.*) He also opined that plaintiff could occasionally climb ramps, stairs, ladders, ropes, and scaffolds; could balance without restriction; and could occasionally stoop, kneel, crouch, and crawl. (*Id.*)

The Commissioner did not dispute that Dr. Sial's opinion demonstrates an inability to work an 8-hour day on a sustained basis. Indeed, at the administrative hearing, the ALJ asked the vocational expert ("VE") if any work were available to an individual with the sit/stand/walk limitations imposed by Dr. Sial, and the VE responded that there would be no jobs available. (See AR 660.)

Thus, the ALJ's finding that plaintiff had the RFC to perform the full range of light work constituted a rejection of Dr. Sial's opinion regarding plaintiff's sit/stand/walk limitations.

To reject the uncontradicted opinion of an examining physician, an ALJ must provide "clear and convincing" reasons. *See Bell v. Asttrue*, 640 F.Supp.2d 1247, 1252 (9th Cir. 2009). Where the examining physician's opinion is contradicted by that of another doctor, the ALJ must provide "specific and legitimate" reasons that are supported by substantial evidence in the record. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999); *Lester v. Chater*, 81 F.3d 821, 8301-31 (9th Cir. 1996); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, the ALJ failed to provide any reasons for rejecting Dr. Sial's opinion regarding plaintiff's sit/stand/walk limitations, let alone the requisite specific and legitimate reasons. Although the Commissioner has postulated reasons for why the ALJ rejected Dr. Sial's opinion (*see* ECF No. 17-1 at 8-9), the Court is "constrained to review [only] the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). Moreover, to the extent the Commissioner appears to be contending that the ALJ could properly rely on the opinion of the State agency physician in rejecting Dr. Sial's opinion regarding plaintiff's sit/stand/walk limitiations, the Court disagrees. *See Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician") (quoting *Lester*, 81 F.3d at 831)).

The Court therefore finds that the ALJ failed to follow the proper legal standards when he rejected Dr. Sial's opinion regarding plaintiff's sit/stand/walk limitations.

B.  <u>The Court is unable to affirm the ALJ's adverse credibility determination.</u>

As noted above, the ALJ found at step two of the Commissioner's sequential evaluation process that plaintiff's chronic pain syndrome did qualify as a severe impairment. (AR 25.) At the administrative hearing, plaintiff testified that she stopped

working because her pain level prevented her from concentrating on her job anymore. (*See* AR 640.) She also testified about the limiting effects of her pain symptoms. (*See* AR 641-48.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1986). Where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ provides specific, cogent reasons for doing so. *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986); *see also Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). "General findings are insufficient; rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (internal quotation marks and citations omitted).

Here, the ALJ determined that "[plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for twelve separate reasons articulated by the ALJ in his decision. (See AR 31.)

The first reason cited by the ALJ was: "[plaintiff's] activities of daily living include: independently caring for her own personal hygiene; she lives also [sic] and performs all household chores; she drives a vehicle; she visits with her daughter and she enjoys doing challenging puzzles." (AR 30.) The Ninth Circuit has noted that there are "two grounds for using daily activities to form the basis of an adverse credibility determination": Evidence of the daily activities either (1) contradicts the claimant's other testimony, or (2) meets the threshold for transferable work skills. *See Orn*, 495 F.3d at 639. Here, neither of these grounds applies. First, the ALJ failed to posit any other testimony by plaintiff that

6

any of the specified daily activities contradicted and, in the Court's view, plaintiff's testimony about her daily activities did not contradict her other testimony. Second, evidence of plaintiff's daily activities did not meet the threshold for transferable work skills. Evidence of a claimant's daily activities may be sufficient to discredit an allegation of disabling excess pain if the claimant "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (emphasis omitted). Here, plaintiff testified that, while she is able to perform household chores, she lives in a small apartment and is unable to mop because she gets too tired; that her grocery shopping is limited to once every two weeks; that she only is able to drive when she doesn't take her pain medication; that she is only able to walk her dog for 6-10 minutes; that she has to spend 16-17 hours a day lying down; and that she only works on puzzles for 20 minutes at a time. (*See* AR 644-48.) Thus, on the whole, plaintiff's testimony about her daily activities, which were sporadic and required rest, was not substantial evidence that plaintiff spent a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *See, e.g., Diedrich v. Berryhill*, 874 F.3d 634, 642-43 (9th Cir. 2017) (claimant's ability to perform daily activities including personal hygiene, cooking, household chores, and shopping was not a clear and convincing reason to find her less than fully credible); *Reddick*, 157 F.3d at 722 (ALJ's finding that claimant's daily activities indicated an ability to work was unsupported by the record where claimant's daily activities were "sporadic and punctuated with rest"); *Fair*, 885 F.2d at 603 (9th Cir. 1996) ("The Social Security Act does not require claimants to be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to [a work environment], where it might be impossible to rest periodically or take medication.") (internal citations omitted)).

The second, third, and fourth reasons cited by the ALJ go to the issue of whether plaintiff has a disabling level of mental impairment. (*See* AR 30.) The ALJ did not find that plaintiff even had a severe mental impairment. The Court finds that none of these cited

7

reasons constitutes a clear and convincing reason for rejecting plaintiff's subjective pain testimony.

The fifth, sixth, seventh, and eighth reasons cited by the ALJ relate to Dr. Bakst's neurological evaluation of plaintiff on October 17, 2012 for her neuropathy. (*See* AR 31.) The ALJ noted that plaintiff had reported to Dr. Bakst that she had undergone physical therapy for the pain and numbness in her feet and legs and that she had had resolution of these symptoms; that Dr. Bakst's clinical examination was relatively unremarkable with no significant abnormalities related to neuropathy; that the EMG/NCS done on July 2, 2010 did show abnormalities that were not of any major significance; and that plaintiff had told Dr. Bakst that she was a lot better now than she had been in the last 20 years (which encompassed the time when she was working). (*Id.*) However, the ALJ did not find that neuropathy was one of plaintiff's severe impairments. He did find that she suffered from chronic pain syndrome. The medical record reflects that, subsequent to Dr. Bakst's neurological evaluation, plaintiff was diagnosed as suffering from spinal stenosis of the lumbar spine and bilateral sciatica and that she underwent four epidurals steroid injections to her lumbar spine between April 2014 and January 2016. (AR 468-70.) The Court therefore finds that none of these reasons relating to Dr. Bakst's examination constitutes a clear and convincing reason for rejecting plaintiff's subjective pain testimony.

The eleventh reason cited by the ALJ was that no physician of record ever opined that listing level limitations were ever met or equaled. (AR 31.) Neither the regulation nor the Ninth Circuit case cited by the Commissioner stands for the proposition that the fact that "no physician of record ever opined that listing level limitations were ever met or equaled" constitutes a clear and convincing reason for rejecting a claimant's subjective pain testimony. Contrary to the Commissioner's characterization, one of the doctors of record (namely Dr. Sial) did in effect opine that plaintiff was disabled. The Court therefore finds that the ALJ's eleventh reason also does not constitute a clear and convincing reason for rejecting plaintiff's subjective pain testimony.

The ninth, tenth, and twelfth reasons cited by the ALJ are simply variations of the same reason (i.e., that plaintiff's subjective pain testimony is not supported by the objective medical evidence of record). (*See* AR 31.) However, since the ALJ's other reasons were legally insufficient to support his adverse credibility determination, this remaining reason cannot be legally sufficient by itself. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (where ALJ's initial reason for adverse credibility determination was legally insufficient, his sole remaining reason premised on lack of medical support for claimant's testimony was legally insufficient); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain."); *cf. Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

## CONCLUSION AND RECOMMENDATION

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g., Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g., Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985).

Where, as here, a claimant contends that she is entitled to an award of benefits because of an ALJ's failure to properly consider her subjective symptom testimony or the

medical opinion evidence, the Court applies a three-step framework. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014); *see also Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). First, the Court asks whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Second, the Court determines whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. Third, if the Court concludes that no outstanding issues remain and further proceedings would not be useful, the Court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of the proceeding." *Treichler*, 775 F.3d at 1100-01 (citations omitted). Only when all three elements are satisfied does a case raise the "rare circumstances" that allow the Court to exercise its discretion to remand for an award of benefits. *See id.*

However, as the Ninth observed in *Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (internal citations and quotation marks omitted):

> "A district court is generally not required to exercise such discretion. . . . District courts retain flexibility in determining the appropriate remedy, and a reviewing court is not required to credit a claimant's allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony. In particular, we may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."

Here, although the Commissioner has made a lengthy argument that the proper remedy in the event of reversal would be a remand to the Commissioner for further administrative proceedings (*see* ECF No. 17-1 at 10-11), plaintiff has made only a cursory

assertion that she is entitled to an award of benefits. (*See* ECF No.16-1 at 14.) The Court deems plaintiff's failure to adequately brief the issue of the appropriate remedy and failure to even reply to the Commissioner's contentions in this regard as a concession to the correctness of the Commissioner's position that remand for an award of benefits is not warranted here. *See Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009) (declining to order an immediate payment of benefits where neither party presented any argument about the effect of the ALJ's errors, meaning that there were no facts presented that clearly indicated the proper outcome).

For the foregoing reasons, this Court **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED,** and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See* Fed. R. Civ. P. 72(b)(2). *See id.*

IT IS SO ORDERED.

Dated: May 16, 2018

ROBERT N. BLOCK
United States Magistrate Judge

11

3:17-cv-1689-W (RNB)